UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMSIN B.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-1266 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Plaintiff, proceeding *pro se*, appeals the denial of her application for Supplemental Security Income. Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to properly consider her impairments and work history. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 45 years old, has a high school education, and has worked as a restaurant hostess. Dkt. 6, Administrative Record (AR) 23. Plaintiff applied for benefits on May 19, 2015, alleging disability as of June 1, 2013. AR 107. Plaintiff's applications were denied initially and on reconsideration. AR 106, 121. The ALJ took testimony from Plaintiff, who was represented by a non-attorney, as well as her fiancé and a vocational expert, at a hearing on June 19, 2018. AR 31-86. On August 10, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR

15-25.

## THE ALJ'S DECISION

Using the five-step disability evaluation process outlined at 20 C.F.R. § 416.920, the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since her May 2015 application date.
>
> **Step two:** Plaintiff has the following severe impairments: migraine headaches, spine disorders, anxiety disorders, affective disorders, personality disorders, and substance addiction disorders.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> **Residual Functional Capacity ("RFC"):** Plaintiff can perform light work, standing and/or walking six hours and sitting six hours per day. She can frequently stoop and climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. She must avoid concentrated exposure to hazards, fumes, odors, dusts, gases, poor ventilation, noise, and vibration. She may be off task up to 10% of the day.
>
> **Step four:** Plaintiff cannot perform past relevant work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 17-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if an ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). This Court cannot reverse the ALJ's decision based on an error that did not change the outcome of the disability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 2

A.     **The ALJ Hearing**

Plaintiff contends the ALJ behaved unprofessionally and treated her, her witness, and her representative as unintelligent. Plaintiff's Opening Brief (Pl. Br.), Dkt. 12 at 3. Plaintiff also contends the ALJ stated "We are not here to talk about your disability." Pl. Br. at 4. The transcript of the hearing shows, after Plaintiff's representative and the ALJ finished questioning her, the following exchange occurred:

> CLMT: My question is, if I'm here for disability, how come we haven't spoken about my disabilities? All we've spoken about is my work history.
> ALJ: I'll let you go over that with your rep. And, actually, your rep did ask you more than just about your work history.
> CLMT: But you haven't.
> ALJ: I have the record, and I've heard the response.

AR 81-82. The ALJ then gave Plaintiff's representative extra time to ask further questions, and Plaintiff testified she is "laying in bed sick" for all but ten days per month and she recently had an aneurysm. AR 84. The record indicates Plaintiff was given plenty of opportunity to describe her impairments. There was no requirement that the ALJ himself ask any specific questions, and the ALJ heard Plaintiff's answers to her representative's questions. The ALJ had access to Plaintiff's medical records, her Function Reports, and her witness' statements in the Administrative Record. AR 319-415, 237-44, 270-77, 229-36. Plaintiff has not identified any pertinent information the ALJ lacked in making his decision.

Plaintiff contends the ALJ's statements reduced her to tears, which in turn upset her witness, and the ALJ discredited and confused her representative. Pl. Br. at 4. Plaintiff contends if she had not been upset, she would have argued that she has been terminated from nearly every job she has had as an adult. Pl. Br. at 5. However, Plaintiff was able to testify that she typically only had a job for "three to five months, at most," before illness made her "not physically able to show up for work" and she lost the job because she "can't work anymore." AR 48-50. Plaintiff

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 3

also stated in a Function Report, "I have been fired and laid off due to being sick. I can't keep a job." AR 277. Her Work History Report also shows a list of jobs she had, three of which lasted only one to four months. AR 245. Plaintiff has not identified any further information about her work history that should have been included in the record.

Plaintiff contends the ALJ erred by asking about her sobriety date, because bringing up her "past ind[i]scre[t]ions" was an attempt to make her "look bad." Pl. Br. at 5. However, questions about Plaintiff's substance use within the relevant time period were appropriate because Social Security benefits cannot be awarded if a claimant is disabled but would not be disabled in the absence of substance abuse. *See* 42 U.S.C. § 1382c(a)(3)(J). The ALJ did not err by asking about Plaintiff's sobriety date.

The Court concludes Plaintiff has shown no harmful error in the ALJ's conduct at the hearing.

**B.      Work History**

Plaintiff contends the ALJ "failed to see the pattern of non work history." Pl. Br. at 5. On the contrary, the ALJ specifically noted Plaintiff's allegation that, other than her past relevant work as a restaurant hostess, "[s]he worked her past other jobs for only 3 to 5 months." AR 19.

A poor work history does not establish disability. The ALJ discounted Plaintiff's testimony that the reason she was unable to maintain employment was because of her impairments. Because Plaintiff very rarely mentioned migraines and back impairments to her doctors and sought very little medical care for her mental impairments, the ALJ reasonably concluded that they were not so severe as to be disabling. AR 20-21; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for

discrediting a claimant's symptom testimony). Plaintiff has not shown that the ALJ's reasons were legally erroneous or unsupported by substantial evidence.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony, including her claims that her poor work history was caused by her impairments.

### C. Schizophrenia or Schizoaffective Disorder

Plaintiff contends her schizophrenia or schizoaffective disorder "is a disability under [Social Security] statu[t]es." Pl. Br. at 5. "Schizophrenia spectrum and other psychotic disorders" are among the listed impairments that can establish disability if certain requirements are met. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.03. First, such a disorder must be established as a severe medically determinable impairment. This requirement is not met. The ALJ found Plaintiff had anxiety, affective, and personality disorders, but not psychotic disorders such as schizophrenia or schizoaffective disorder. AR 17. Plaintiff has not shown error in the ALJ's determination. Plaintiff attaches to her opening brief a disability evaluation form filled out by "Sean Brannen, Clinician, LRL, LMHCA," diagnosing her with PTSD and schizoaffective disorder. Pl. Br. at 12. Even if the Court were to consider this evidence, it could not establish schizoaffective disorder as one of Plaintiff's severe medically determinable impairments. A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source," such as a doctor. 20 C.F.R. § 416.921. But no objective medical evidence is offered, and Mr. Brannen does not appear to be an acceptable medical source.

In addition, to meet a listing the impairment must meet certain functional criteria, such as marked limitations in two out of four functional areas: (1) understanding, remember, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00E-F. The ALJ

found Plaintiff's mental impairments did not meet this standard, because she had only moderate, mild, or no limitations in each of these areas.  AR 18.  Plaintiff has not shown any error in the ALJ's analysis.

The Court concludes the ALJ did not err by failing to find schizophrenia or schizoaffective disorder established disability.

**D.      New Evidence**

Plaintiff attaches to her opening brief a disability evaluation form dated January 31, 2020.  Pl. Br. at 10-13.  The Commissioner contends the Court cannot consider the January 2020 evaluation because it is not material to the ALJ's determination of nondisability through August 10, 2018.  The Court agrees.  While a claimant may file a new claim based on new information, Plaintiff's newly submitted evidence does not change the current decision under review.  *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (reports "issued after the Commissioner's decision … are less persuasive").  The Court concludes the new evidence attached to Plaintiff's opening brief does not provide a basis to reverse the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of May, 2020.

The Honorable Richard A. Jones
United States District Judge